14682.   LADSON *v.* GASKINS *et al.,* for use, etc.

BROYLES, C. J.   1. A distress-warrant case, where a counter-affidavit and bond have been filed, should be returned to the proper court and tried as provided for in claim cases.   Civil Code (1910), § 5391.

2. The court to which a claim case is returned " shall cause the right of property to be decided on by a jury at the first term thereof, unless continued as other cases at common law."   Civil Code (1910), § 5168.

3. In the instant case the distress warrant was issued on December 21,

1922, and was levied on January 15, 1923. The counter-affidavit and bond were executed on January 21, 1923, although the distress warrant was not marked filed in the clerk's office until February 15, 1923. The February term, 1923, of the superior court of Atkinson county (the trial court) convened on February 19, 1923, and the case was tried on February 21, 1923. It appears, therefore, that the property in question was levied on more than thirty days before the February term of the court began, and that the counter-affidavit and bond were given more than twenty days before the convening of the court. The case, therefore, was ripe for trial, and the court did not err in so ruling.

4. Under all the particular facts of the case this court cannot hold that the trial judge abused his discretion in forcing the case to trial, although counsel for the defendant stated in his place that he was too ill to try the case; no formal motion for a continuance or a postponement being made.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

Decided July 27, 1923.

Distraint; from Atkinson superior court — Judge Dickerson. April 14, 1923.

*J. O. Sirmans,* for plaintiff in error.

*B. G. O'Berry Jr., E. R. Smith, Hugh M. Dorsey,* contra.